UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: _____

PJSC BANK FINANCE AND CREDIT                              Chapter 15

Debtor in a Foreign Proceeding.
_____ __/

**MOTION FOR ORDER OF RECOGNITION OF FOREIGN MAIN
PROCEEDING PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING**

Svetlana Vasilyevna Groshova, Foreign Representative of the Debtor in a foreign bankruptcy proceeding ("Foreign Representative"), moves this Court for entry of an Order recognizing the foreign liquidation proceeding ("Ukraine Proceeding") of PJSC Bank Finance and Credit ("Debtor") pending before the Deposit Guarantee Fund of Ukraine ("DGF")[1] as a foreign main proceeding under 11 U.S.C. § 1517[2], granting related relief pursuant to §§ 1520 and 1521, and granting any additional relief which may be available under the Bankruptcy Code.  The Foreign Representative further requests a hearing on the initial petition (ECF No. 1) ("Petition") and Motion no later than (21) days after the date the Court issues its notice of hearing but, in any event, "at the earliest possible time" thereafter.  *See* Fed. R. Bankr. P. 2002(q); § 1517(c).

---

[1] The DGF was established in 1998 to protect the rights of bank depositors in Ukraine. When a Ukrainian bank fails or becomes insolvent, the bank is usually placed under the administration of the DGF and the DGF pays out a capped deposit (currently UAH 200,000) to the bank's account holders.  Between 2014 and 2018 more than 90 Ukrainian banks failed and were placed under the administration of the DGF. As of September 2018, total distressed assets under management by the DGF amounted to UAH 524 billion (€16.5 billion) and were predominately comprised of non-performing loans.

[2] All statutory references shall be to Title 11 U.S.C. § 101 *et seq*. ("Bankruptcy Code"), unless otherwise specified.

## PRELIMINARY STATEMENT, JURISDICTION, & VENUE

1.      The Foreign Representative files the Petition and this Motion under § 1504 to seek recognition of the Ukraine Proceeding as a "foreign main proceeding," as defined in § 1502(4).

2.      The Petition and this Motion are supported by the Declaration under penalty of perjury of the Foreign Representative ("Declaration") attached as **Exhibit 1**.  The Declaration itself contains several exhibits referred to and incorporated herein.  The Declaration also provides a summary of the pending Ukrainian Proceeding, the factual background relating to the Debtor's business affairs and the efforts to investigate the financial status and dealings of the Debtor and collect any and all of its dissipated assets.

3.      On December 18, 2015 the Board of the National Bank of Ukraine ("Ukraine National Bank") granted the DGF's proposal for the Debtor's liquidation by resolution ("Liquidation Decision").  True and correct copies of the Liquidation Decision dated December 17, 2015 and its certified translation are attached hereto as Composite **Exhibit A to the Declaration**.

4.      The Foreign Representative was duly appointed by decision of the DGF on August 13, 2020 ("Appointment Decision").  A true and correct copy of the Appointment Decision and its translation are attached to the Declaration as **Exhibit B**.

5.      As required by Fed. R. Bankr. P. 1007(a)(4), a Statement of Corporate Ownership, in conformity with Fed. R. Bankr. P. 7007.1 is being filed contemporaneously herewith.

6.      Ukraine is the Debtor's center of main interests.  Among other considerations: Ukraine is the location of the Debtor's most current registered office, *see* **Exhibit 1**, at ¶9.[3]

---

[3] *See* § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests.").

7.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and §§ 109 and 1501 of the Bankruptcy Code.

8.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

9.      Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Foreign Representative has retained Sequor Law, P.A in this district.  In addition, Sequor Law holds in its trust account in this District US$1,500.00 deposited on behalf of and for the benefit of the Debtor, to which funds Sequor Law has no rights of setoff, charging lien, or similar right.

## SUMMARY OF FACTUAL BACKGROUND

10.     The Debtor is a Ukrainian bank.

11.     The Debtor's most recent financial report for the year ending December 31, 2014 states the following:

    a.  In 1991 the Debtor was registered under the name Commercial Bank for Business Corporation;

    b.  In 1995 the Debtor changed its name to Finance and Credit Commercial Bank and changed its name again in 2002 to Finance and Credit Bank Limited Liability Company;

    c.  In 2007 the Debtor's corporate structure changed from a limited liability company to an open joint stock company.  On July 2, 2007 the Debtor was registered as OJSC Bank Finance and Credit on the State Register of Ukraine with identification code 09807856 and on the Unified State Register of Legal Entities, Individual Entrepreneurs and Public Associations of Ukraine under entry number 1074145000025974;

    d.  In 2009 the Debtor changed its name to PJSC Bank Finance and Credit;

e.  As of December 31, 2014, the Debtor's registered office was located at 60 Artema Street, Kyiv, 04050, Ukraine and it operated seven regional branches and more than 280 local branches;

f.  As of December 31, 2014, the majority ultimate beneficial owner of the Debtor was an individual called Mr. Konstantin Zhevago ("Zhevago").  Through a complex corporate structure involving numerous corporate entities incorporated and registered in a variety of jurisdictions (including England), Zhevago owned approximately 97% of the Debtor's issued share capital.

12.  The Debtor's registered office address continues to be at 60 Sichovykh Streltsiv Street (Artema), Kyiv, 04050, Ukraine.

13.  The Debtor's management board was the executive body made up of the following individuals from time to time:

| Name | Role | Date of appointment from and until |
|---|---|---|
| I.R. Lvov | Deputy chairman | 12/20/1999 – 10/15/2015 |
| Mr Volodymyr Khlyvniuk | Chairman | 12/9/2002 – 4/27/2015 |
| S.V. Borisov | Deputy chairman | 5/19/2003 – 10/14/2011 |
| A.V. Glushchenko | Deputy chairman | 2/16/2004 – 10/4/2010 |
| V.V. Poleruz | Deputy chairman | 10/14/2004 – 11/30/2011 |

| Mr Viktor Golub | Deputy chairman | 2/7/2005 – 8/5/2015 |
|---|---|---|
| Mr Oleg Shapkin | Deputy chairman | 1/9/2007 – 12/17/2015 |
| Mrs Svetlana Lototskaya | Deputy chairman | 6/1/2007 - present |
| Mr Igor Kopertekhin | Deputy chairman | 2/11/2010 – 12/17/2015 |

## THE UKRAINE PROCEEEDING

14.     In January 2015 the Debtor was classified as problematic by the Ukraine National Bank, which is the central bank of Ukraine and Ukraine's equivalent of the Federal Reserve System.

15.     On January 19, 2015 Ukraine National Bank classified the Debtor as problematic for 180 days and placed restrictions on its banking activities by resolution ("January 2015 Resolution").  A true and correct copy of the January 2015 Resolution with certified translation is attached to the Declaration as **Exhibit C**.

16.     On July 16, 2015 Ukraine National Bank's classification of the Debtor as problematic was extended by 30 days.

17.     On September 17, 2015 the Debtor's interim administration commenced.

18.     On December 17, 2015 Ukraine National Bank revoked the Debtor's license and the Debtor ultimately entered liquidation in December 2015 before the Ukraine National Bank ("the Ukraine Proceeding").  *See* the Liquidation Decision attached as Composite Exhibit 1 to the Declaration.

19.     The Debtor's liquidation proceeding is currently under the administration of the DGF.

20.     By its decision dated April 7, 2016 the DGF approved the register of accepted creditor claims in the total sum of UAH 30,889,692,260.70  (as amended by a decision numbered 1647 dated September 7, 2020), which as at the date of this affidavit amounts to approximately $1,093,063,028.35 billion.

## LIQUIDATORS APPOINTED IN THE UKRAINE PROCEEDING

21.     On December 18, 2015, DGF appointed Ms. Olena Chernyavska as the Debtor's liquidator for an initial period of two years.

22.     On September 5, 2016, Mr. Vladyslav Sergiyovych Valendyuk became the authorized officer of the DGF in charge of the liquidation.

23.     On December 19, 2017, Mr. Yuri Petrovych Irklienko became a joint authorized officer of the DGF in charge of the liquidation along with Mr. Vladyslav Sergiyovych Valendyuk.

24.     On April 6, 2018, Mr. Yuri Petrovych Irklienko became the sole authorized officer of the DGF in charge of the liquidation.

25.     Subsequently, numerous liquidators were appointed culminating with the Foreign Representative's appointment by the Appointment Decision, on August 13, 2020. See attached **Exhibit B** to the Declaration.

## ADMINISTRATORS IN FOREIGN PROCEEDINGS OF THE DEBTOR

26.     As the term is defined in 11 U.S.C. 101(23) the Debtor is the subject of "foreign proceedings" pending before the DGF.

27.     For purposes of this proceeding, I request that any correspondence be sent, in addition to the addresses provided above, to:

Attn: Leyza F. Blanco & Daniel Coyle
Sequor Law, P.A.
1111 Brickell Ave., Suite 1250
Miami, Florida 33131[4]

## PARTIES TO ANY U.S. LITIGATION IN WHICH DEBTOR IS A PARTY

28.    The Foreign Representative is not aware of any litigation pending in the United States in which the Debtor is a party.

## STATEMENT IDENTIFYING FOREIGN PROCEEDINGS WITH RESPECT TO THE DEBTOR

29.    Other than the foreign main proceeding referenced hereinabove, the Foreign Representative is aware of only one other potential foreign proceeding with respect to the Debtor. Foreign Representative is presently also seeking foreign main recognition of the Ukrainian Proceeding in the Courts of England pursuant to the Cross-Border Insolvency Regulations 2006.

## ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS BEING SOUGHT

30.    The Foreign Representative is not seeking interim relief at this time against any entities under 11 U.S.C. §1519.

## RECOGNITION IS APPROPRIATE

31.    The Foreign Representative has satisfied each of the requirements for recognition under Chapter 15 of the Bankruptcy Code, as follows:

(a)    Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) because she is properly authorized to act by virtue of her appointment as liquidator of Debtor in the Ukraine proceeding to administer the liquidation of the Debtor's assets or affairs.

---

[4] The Declaration requests correspondence to be mailed to the undersigned's prior address. Correspondence should be sent to the undersigned's current address.

(b)      The Ukraine Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. § 101(23) and 1502(4), because it is (i) pending before the DGF in Ukraine, which is the Debtor's center of main interests; and (ii) a collective proceeding under a law relating to insolvency pursuant to which the Debtor's assets and affairs are subject to the supervision of the Ukraine National Bank for the purpose of liquidating the same under the laws of Ukraine.  *See* In re: Banco Cruzeiro do Sul, Case 14-22974-LMI (D.E. 16) (granting recognition of extra-judicial bank liquidation under the supervision of the Central Bank of Brazil).

(c)      The Liquidation Decision is attached to the Declaration in support of this Motion as **Exhibit A** and the Appointment Decision is attached to the Declaration as **Exhibit B**. Additionally, the Declaration contains the list of all persons or entities that must be identified pursuant to 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007.

(d)      Debtor meets the requirements of a "debtor" as defined in sections 109(a), if applicable, and 1502 because the Debtor is the subject of a foreign proceeding and has assets in the United States, including property of the Debtor in trust in the amount of US $1,500.00 to which Sequor Law has no claim.

## RELIEF REQUESTED

32.      The Foreign Representative seeks an Order pursuant to §§105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached as **Exhibit 2** hereto, granting the following relief:

(a)      Recognizing the Ukraine Proceeding as a foreign main proceeding and Foreign Representative as the duly authorized Foreign Representative of the Debtor;

(b)     Granting the relief allowable as of right upon recognition of a foreign main proceeding under § 1520 of the Bankruptcy Code;

(c)     Granting all available and appropriate relief under § 1521 of the Bankruptcy Code, including:

(1) staying the commencement or continuation of any action or proceeding without the consent of the Foreign Representative concerning rights, obligations or liabilities of the Debtor and the Debtor's estate, to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(2) staying execution against the Debtor, to the extent not stayed under § 1520(a);

(3) suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under § 1520(a);

(4) providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor or the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5) entrusting the administration or realization of all of the Debtor's assets within the territorial jurisdiction of the United States to the Foreign Representative;

(6) entrusting the distribution of all or part of the Debtor's assets located within the United States to the Foreign Representative and finding that the assets of the creditors of the Debtor are sufficiently protected thereby;

(7) otherwise granting comity to and giving full force and effect to the orders and documents attached to this Motion; and

(8) granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## <u>CONCLUSION</u>

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an Order, substantially in the form of the Proposed Order attached hereto as **Exhibit 2** and grant such other relief as may be just and proper.

Date: November 6, 2020

Respectfully submitted,
SEQUOR LAW
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
lblanco@sequorlaw.com
dcoyle@sequorlaw.com
Telephone:    (305) 372-8282
Facsimile:    (305) 372-8202

By:    */s/ Leyza F. Blanco*
Leyza F. Blanco
Florida Bar No.: 104639
Daniel M. Coyle
Florida Bar No.: 55576

# EXHIBIT 1

**СУД США У СПРАВАХ ПРО БАНКРУТСТВО**
**ПІВДЕННИЙ ОКРУГ ШТАТУ ФЛОРИДА**
**АДМІНІСТРАТИВНО-ТЕРИТОРІАЛЬНА ОДИНИЦЯ МАЯМІ**
www.flsb.uscourts.gov

| | |
|---|---|
| З посиланням на: | Розділ 15 |

ПАТ «БАНК «ФІНАНСИ ТА КРЕДИТ»

| | |
|---|---|
| Боржник в іноземному провадженні. | Справа №: _____ |

_____ /

**ЗАЯВА ІНОЗЕМНОГО ПРЕДСТАВНИКА НА ПІДТРИМКУ**
**РОЗДІЛУ 15 «ЗАЯВА ПРО ВИЗНАННЯ ІНОЗЕМНОГО ПРОВАДЖЕННЯ»**

Я, Світлана Василівна Грошова, цим самим заявляю про таке:

1.      Я старше 18 років і, за необхідністю, можу повністю дати свідчі показання щодо усіх викладених у цій заяві питань, наскільки мені це відомо, окрім тих частин, де зазначено інакше.

2.      Моя рідна мова українська, відповідно дана Заява надана мною українською мовою, а також англійською, що була підготовлена для подачі.

3.      Я працівник Фонду гарантування вкладів фізичних осіб (надалі «ФГВФО»)[1] і провідний професіонал з питань врегулювання неплатоспроможності банків.

4.      Я працюю у ФГВФО з 22 червня 2017 р. у департаменті ліквідації банків ФГВФО на посаді провідного професіонала з питань врегулювання неплатоспроможності банків.  Я

---

[1] ФГВФО засновано у 1998 році з метою захисту прав банківських вкладників в Україні. Якщо банк збанкрутів або став неплатоспроможним, то зазвичай цей банк підпадає під адміністрування ФГВФО, і ФГВФО виплачує максимальну суму відшкодування (на разі це 200 000 грн.) власникам рахунків у цьому банку.  У період з 2014 по 2018 роки понад 90 українських банків було ліквідовано та віднесено до адміністрації ФГВФО.  Станом на вересень 2018 р. загальна сума проблемних активів в управлінні ФГВФО становила 524 мільярди гривень (16,5 мільярдів євро), серед яких переважна більшість – непрацюючі кредити.

маю економічну освіту зі спеціалізацією у фінансах та кредитах з 1987 р. та працюю у банківській сфері після отримання вищої освіти у 1987 р.

    5.     13 серпня 2020 р. за рішенням ФГВФО мене належним чином призначили виконувати роль ліквідатора Боржника у процедурі ліквідації Публічного акціонерного товариства «Банк «Фінанси та Кредит» («Боржник») («Рішення про призначення»), що знаходиться у розгляді ФГВФО, надалі - «Провадження в Україні». Вірна копія рішення, що передбачає ліквідацію Боржника («Рішення про ліквідацію»), та завірений переклад додаються у **Додатку А**. Вірна копія «Рішення про призначення» та завірений переклад додаються у **Додатку В**.

    6.     Мені повідомили про те, що у розумінні розділу 15 Кодексу США про банкрутство: (i) я є «іноземний представник» Боржника; (ii) центр ведення основної діяльності Боржника знаходиться, у будь-який значимий для справи момент, в Україні; та (iii) Провадження в Україні (визначення нижче) розглядається як «основне іноземне провадження».

## СТИСЛИЙ ВИКЛАД ФАКТІВ

    7.     Боржник – це український банк.

    8.     В останньому фінансовому звіті Боржника станом на кінець 31 грудня 2014 р. вказано таку інформацію:

        a.     У 1991 р. Боржник був зареєстрований під назвою «Комерційний банк ділового співробітництва».

        b.     У 1995 р. Боржник змінив назву на «Комерційний банк «Фінанси та Кредит», а у 2002 р. знову перейменувався на Товариство з обмеженою відповідальністю «Банк «Фінанси та Кредит».

Сторінка <strong>2</strong> з <strong>10</strong>

Ref

c. У 2007 р. корпоративну структуру Боржника було реорганізовано з товариства з обмеженою відповідальністю на відкрите акціонерне товариство. 2 липня 2007 року Боржник був зареєстрований як ВАТ «Банк «Фінанси та Кредит» у Єдиному державному реєстрі України з ідентифікаційним кодом 09807856 і у Єдиному державному реєстрі юридичних осіб, фізичних осіб-підприємців та громадських формувань України з реєстраційним номером 10741450000025974.

d. У 2009 р. Боржник був перейменований на Публічне акціонерне товариство «Банк «Фінанси та Кредит».

e. Станом на 31 грудня 2014 р. юридична адреса Боржника була зареєстрована як вул. Артема, 60, м. Київ 04050, Україна; і нараховувалося сім регіональних філій та понад 280 місцевих відділень.

f. Станом на 31 грудня 2014 р. кінцевим бенефіціарним власником контрольного пакета акцій Боржника була фізична особа пан Костянтин Жеваго (надалі «Жеваго»). Завдяки складній організаційній структурі товариства із залученням численних юридичних осіб, заснованих і зареєстрованих у різних юрисдикціях (зокрема в Англії), Жеваго володів приблизно 97% випущеного акціонерного капіталу Боржника.

9. Зареєстрована юридична адреса Боржника і надалі залишається вул. Січових стрільців (у минулому – Артема), 60, м. Київ 04050, Україна.

10. Правління Боржника виконувало роль виконавчого органу Боржника і, у різний час, складалося з таких фізичних осіб:

Сторінка 3 з 10

Ref

| Ім'я | Посада | Дата призначення (з - по) |
|---|---|---|
| І.Р. Львов | Заступник голови | 20/12/1999 – 15/10/2015 |
| В.Г. Хливнюк | Голова | 31/08/2002 – 27/4/2015 |
| С.В. Борисов | Заступник голови | 19/5/2003 – 14/10/2011 |
| А.В. Глущенко | Заступник голови | 10/03/2004 – 06/10/2010 |
| В.В. Полурез | Заступник голови | 03/10/1995 – 29/11/2011 |
| В.Ф. Голуб | Заступник голови | 07/02/2005 –11/08/2015 |
| О.А. Шапкін | Заступник голови | 09/01/2007 – 17/12/2015 |
| С.В. Лотоцька | Заступник голови | 19/01/2010 -25/12/2015 |
| І.І. Копертехін | Заступник голови | 11/02/2010 – 17/12/2015 |

<u>**ПРОВАДЖЕННЯ В УКРАЇНІ**</u>

11.    У січні 2015 р. Боржник був віднесений до категорії проблемних

Національним банком України (надалі «НБУ»), що є центральним банком України та

українським еквівалентом Федеральної резервної системи США.

Сторінка 4 з 10

Ref

4

12.     19 січня 2015 р. НБУ відніс Боржника до категорії проблемних на період 180 днів і наклав обмеження щодо банківської діяльності згідно з прийнятим рішенням (надалі «Рішення від січня 2015 р.»). Вірна копія «Рішення від січня 2015 р.» і завірений переклад додаються як **Додаток С**.

13.     16 липня 2015 р. класифікування Боржника як проблемного було подовжено Національним банком України на 30 днів.

14.     17 вересня 2015 р. розпочалося тимчасова адміністрація Боржника.

15.     17 грудня 2015 р. НБУ відкликав ліцензію Боржника і відповідно у грудні 2015 р. Боржник перейшов до стадії ліквідації («Провадження в Україні»). *Див.* Рішення про ліквідацію у Звідному додатку 1 до Заяви.

16.      На теперішній момент процедура ліквідації Боржника здійснюється ФГВФО.

17.     Рішенням від 07 квітня 2016 р. ФГВФО ухвалив реєстр прийнятних вимог кредиторів загальною сумою у 30 889 692 260,70 грн. (кореговано згідно з рішенням №1647 від 07 вересня 2020 р.), яка на дату цієї заяви становить 1 093 063 028,35 дол. США.

### ЛІКВІДАТОРИ, ПРИЗНАЧЕНІ В УКРАЇНСЬКОМУ ПРОВАДЖЕННІ

18.     18 грудня 2015 р. ФГВФО призначив Олену Чернявську («пані Чернявська») ліквідатором Боржника початково на період двох років.

19.     05 вересня 2016 р. пан Владислав Сергійович Валендюк став уповноваженою особою ФГВФО на ліквідацію банку.

20.     19 грудня 2017 р. пан Юрій Петрович Ірклієнко став іншою уповноваженою особою ФГВФО на ліквідацію банку для роботи у співпраці з паном Владиславом Сергійовичем Валендюком.

Сторінка **5** з **10**

Ref

21. 06 квітня 2018 р. пан Юрій Петрович Ірклієнко став єдиною уповноваженою особою ФГВФО на ліквідацію банку.

22. 15 листопада 2019 року пан Сергій Семенович Міхно став уповноваженим офіцером ФГВФО, відповідальним за ліквідацію. На сьогодні, згідно з рішенням ФГВФО пані Грошова С.В. була призначена уповноваженим працівником, відповідальним за ліквідацію банку.

<u>ШАХРАЙСЬКА ДІЯЛЬНІСТЬ ОСІБ, ПІД КОНТРОЛЕМ ЯКИХ РАНІШЕ ЗНАХОДИВСЯ БОРЖНИК</u>

23. Виходячи з проведеного з боку ФГВФО розслідування, кошти Боржника були виведені шляхом шахрайських схем.

24. Ці схеми включали укладання фіктивних угод і використання кореспондентських рахунків, через які проводили велику кількість операцій у доларах США.

25. Боржник укладав договори позики в іноземній валюті із певними позичальниками (надалі «Позичальники»), які укладали фіктивні контракти з іншими юридичними особами (надалі «Постачальники») на поставку певних товарів Позичальникам.

26. Позичальники переказували позичені Боржником кошти на рахунки Постачальників, але Постачальники ні разу не поставили жодних товарів, а Позичальники ніколи повністю не повернули позики Боржнику.

27. Крім того, деякі банки, в яких Боржник мав кореспондентські рахунки, позичили кошти на суму понад 100 мільйонів дол. США офшорній юридичній особі, що, очевидно, пов'язана з колишнім власником Боржника. Боржник заставив кошти одних з кореспондентських рахунків у цих банках у якості предмета забезпечення позик, наданих

Сторінка 6 з 10

цими банками юридичній особі, що не виконала свої зобов'язання по оплатам і призвела до списання кореспондентських рахунків, заставлених Боржником як гарантію позик.

28.   Ця юридична особа ніколи не погашала свою позику і таким чином було втрачено кошти Боржника у сумі понад 100 мільйонів дол. США, що були використані з метою виплати сум, позичених цією юридичною особою, за що Боржник не отримав ніякої вигоди.

## ПРИЧИНА ЗВЕРНЕННЯ ЗА ВИЗНАННЯМ У СПОЛУЧЕНИХ ШТАТАХ АМЕРИКИ

29.   Як ліквідатор я уповноважена займатися розслідуванням комерційної діяльності, справ і операцій Боржника у всьому світі та визначити ці справи, а також шкоду, заподіяну його кредиторам.

30.   У рамках цього процесу мені потрібно провести розслідування характеру та ступеня дій, проведених в США, зокрема у Флориді, що можуть мати зв'язок з Боржником або його активами. Окрім того, мені потрібно розглянути можливість того, що активи у розпорядженні інших осіб в США могли бути отримані за використанням активів Боржника.

31.   У випадку задоволення даної заяви, я сподіваюся провести подальше розслідування та повернути активи, наскільки це максимально можливо, зокрема розпочавши провадження та представивши такі вимоги речового характеру, які можуть бути доступні мені у Сполучених Штатах. Я також зможу пред'явити такі позови проти вказаних фізичних або юридичних осіб з вимогою примусового приведення в виконання судових рішень стосовно активів у Сполучених Штатах Америки.

Ref

32.    Залежно від результатів розслідування, що я планую провести у США, я маю намір у відповідний час розпочати провадження у Сполучених Штатах Америки проти третіх сторін (або пов'язаних фізичних осіб або афілійованих і корпоративних юридичних осіб).

**АДМІНІСТРАТОРИ В ІНОЗЕМНОМУ ПРОВАДЖЕННІ БОРЖНИКА**

33.    У відповідності до визначення у п. 101(23), розділ 11 Кодексу законів США, «Боржник» є це суб'єктом «іноземного провадження», що знаходиться на розгляді ФГВФО.

34.    Стосовно цього провадження прошу, щоб уся кореспонденція, на додаток до вище вказаних адрес, надсилалася на адресу:

До уваги Leyza F. Blanco & Daniel Coyle (Лейза Ф. Бланко та Деніел Койл)
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

**СТОРОНИ У БУДЬ-ЯКОМУ СУДОВОМУ ПРОЦЕСІ В США, ОДНІЄЮ ЗІ СТОРІН ЯКОГО Є БОРЖНИК**

35.    Мені не відомо про жодні судові процеси в США, однією зі сторін яких є Боржник.

**ЗАЯВА НА ВИЗНАЧЕННЯ ІНОЗЕМНОГО ПРОВАДЖЕННЯ ЩОДО БОРЖНИКА**

36.    Окрім вище згаданого основного іноземного провадження, Іноземному представнику відомо тільки про ще одне потенційне іноземне провадження щодо Боржника. Іноземний представник у даний час також вимагає основного іноземного визнання Українського провадження у судах Англії згідно з Регламентом про транскордонну неплатоспроможність від 2006 року.

Сторінка **8** з **10**

<u>ЮРИДИЧНІ ОСОБИ, ЩОДО ЯКИХ ВИМАГАЄТЬСЯ ПОПЕРЕДНІЙ ЗАСІБ</u>

<u>СУДОВОГО ЗАХИСТУ</u>

37.     На даний момент я не звертаюся із заявою про забезпечення позову проти жодних з осіб у відповідності до п.1519, розділ 11 Кодексу законів США.

### АКЦІОНЕРНА ВЛАСНІСТЬ

38.     Згідно з Федеральними правилами процедури банкрутства, п. 1007(a)(4), кожний з далі вказаних осіб, володіє щонайменше 10% основного капіталу Боржника:

| | |
|---|---|
| F&C Realty (засноване та зареєстроване у Києві, реєстраційний номер 234961420) | 21,6053% |
| ТОВ «Індастріал Констракшн» (засноване та зареєстроване у Києві, реєстраційний номер 32424449) | 12,2746% |
| ТОВ «Асканія» (засноване та зареєстроване у Києві, реєстраційний номер 23497687) | 32,7709% |
| Forth Asset Management Ltd (засноване та зареєстроване в Англії, реєстраційний номер 04458676) | 28,2458% |

### 

*Зарезервовано*

### 

Сторінка **9** з **10**

Ref

Я, Світлана Василівна Грошова, заявляю під страхом покарання за лжесвідчення за законами США, п.1746, розділ 28 Кодексу законів США, що я є Іноземним представником судового провадження у справі з банкрутства Боржника і що у цій ролі маю повноваження подавати цю Заяву, що я прочитала вищевикладену Заяву, і що факти та питання, що тут містяться та щодо яких зроблено припущення, наскільки мені це відомо, вірні, виходячи з моїх знань про відповідні факти та у результаті мого вивчення доступних документів, що стосуються Боржника.

Датою від 13 жовтня 2020 року

Світлана Василівна Грошова
від імені та за дорученням Боржника у
якості Іноземного представника

Сторінка 10 з 10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                           Chapter 15

PJSC BANK FINANCE AND CREDIT

Debtor in a Foreign Proceeding.                           Case No.: _____
_____/

**DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF**
**CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING**

I, Svitlana Vasylivna Groshova, hereby declare as follows:

1.        I am over the age of 18 and, if called upon, could completely testify as to all matters set forth in this statement based upon my own personal knowledge, except for those portions specified as being otherwise.

2.        I am a native Ukrainian speaker and have sworn the original of this Declaration in Ukrainian, as well as the English version that was prepared for filing.

3.        I am an employee of the Deposit Guarantee Fund ("DGF")[1] and a leading professional in liquidation of banks.

4.        I have been employed by the DGF since June 22, 2017 and I work in the Bank Liquidation Department at the DGF, holding the position of Leading Bank Liquidation Professional. I have a degree in economics specialising in finance and credit from 1987 and I have worked in the banking industry since my graduation in 1987.

_____

[1] The DGF was established in 1998 to protect the rights of bank depositors in Ukraine. When a Ukrainian bank fails or becomes insolvent, the bank is usually placed under the administration of the DGF and the DGF pays out a capped deposit (currently UAH 200,000) to the bank's account holders. Between 2014 and 2018 more than 90 Ukrainian banks failed and were placed under the administration of the DGF. As of September 2018, total distressed assets under management by the DGF amounted to UAH 524 billion (€16.5 billion) and were predominately comprised of non-performing loans.

5.       I was duly appointed by decision of the DGF on August 13, 2020 to act as the liquidator of the Debtor in the liquidation proceeding of Public joint stock company Bank Finance and Credit (the "Debtor") ("Appointment Decision") pending before the DGF, hereinafter "the Ukrainian Proceeding". A true and correct copy of the decision providing for the liquidation of the Debtor ("Liquidation Decision") and a certified translation are attached hereto as **Exhibit "A"**. A true and correct copy of the Appointment Decision and a certified translation are attached hereto as **Exhibit "B"**.

6.       I am advised that within the meaning of Chapter 15 of the U.S. Bankruptcy Code: (i) I am the "foreign representative" of the Debtor; (ii) the Debtor's center of its main interests has, at all times relevant, been in Ukraine; and (iii) the Ukrainian Proceeding (defined below) is a "Foreign Main Proceeding."

### SUMMARY OF FACTUAL BACKGROUND

7.       The Debtor is a Ukrainian bank.

8.       The Debtor's most recent financial report for the year ending December 31, 2014 states the following:

   a.  In 1991 the Debtor was registered under the name Commercial Bank for Business Corporation;

   b.  In 1995 the Debtor changed its name to Finance and Credit Commercial Bank and changed its name again in 2002 to Finance and Credit Bank Limited Liability Company;

   c.  In 2007 the Debtor's corporate structure changed from a limited liability company to an open joint stock company. On July 2, 2007 the Debtor was registered as OJSC Bank Finance and Credit on the State Register of Ukraine with identification code

Page **2** of 9

09807856 and on the Unified State Register of Legal Entities, Individual Entrepreneurs and Public Associations of Ukraine under entry number 1074145000025974;

d. In 2009 the Debtor changed its name to PJSC Bank Finance and Credit;

e. As of December 31, 2014, the Debtor's registered office was located at 60 Artema Street, Kyiv, 04050, Ukraine and it operated seven regional branches and more than 280 local branches;

f. As of December 31, 2014, the majority ultimate beneficial owner of the Debtor was an individual called Mr. Konstantin Zhevago ("Zhevago"). Through a complex corporate structure involving numerous corporate entities incorporated and registered in a variety of jurisdictions (including England), Zhevago owned approximately 97% of the Debtor's issued share capital.

9.      The Debtor's registered office address continues to be at 60 Sichovykh Streltsiv Street (Artema), Kyiv, 04050, Ukraine.

10.     The Debtor's management board was the executive body of the Debtor made up of the following individuals from time to time:

| Name | Role | Date of appointment from and until |
|---|---|---|
| I.R. Lvov | Deputy chairman | 12/20/1999 – 10/15/2015 |
| V.H. Khlyvniuk | Chairman | 8/31/2002 – 4/27/2015 |
| S.V. Borisov | Deputy chairman | 5/19/2003 – 10/14/2011 |

Page 3 of 9

Error! Unknown document property name.

| A.V. Glushchenko | Deputy chairman | 3/10/2004 – 10/6/2010 |
|---|---|---|
| V.V. Polurez | Deputy chairman | 10/3/1995 – 11/29/2011 |
| V.F. Golub | Deputy chairman | 2/7/2005 – 8/11/2015 |
| O.A . Shapkin | Deputy chairman | 1/9/2007 – 12/17/2015 |
| S. V. Lototskaya | Deputy chairman | 1/19/2010-12/25/2015 |
| I. I. Kopertekhin | Deputy chairman | 2/11/2010 – 12/17/2015 |

## THE UKRAINE PROCEEEDING

11.    In January 2015 the Debtor was classified as problematic by the National Bank of Ukraine ("NBU"), which is the central bank of Ukraine and Ukraine's equivalent of the Federal Reserve System.

12.    On January 19, 2015 NBU classified the Debtor as problematic for 180 days and placed restrictions on its banking activities by resolution ("January 2015 Resolution"). A true and correct copy of the January 2015 Resolution with certified translation is attached hereto as **Exhibit C.**

13.    On July 16, 2015 NBU's classification of the Debtor as problematic was extended by 30 days.

14.    On September 17, 2015 the Debtor's interim administration commenced.

Page **4** of 9

15.    On December 17, 2015 NBU revoked the Debtor's license and the Debtor ultimately entered liquidation in December 2015 before the NBU ("the Ukrainian Proceeding"). *See* the Liquidation Decision attached as Composite Exhibit 1 to the Declaration.

16.    At present, the Debtor's liquidation procedure is carried out by the DGF.

17.    By its decision dated April 7, 2016 the DGF approved the register of accepted creditor claims in the total sum of UAH 30,889,692,260.70 (as amended by a decision numbered 1647 dated September 7, 2020), which as at the date of this declaration amounts to approximately $1,093,063,028.35.

### LIQUIDATORS APPOINTED IN THE UKRAINE PROCEEDING

18.    On December 18, 2015, DGF appointed Ms Olena Chernyavska (Ms Chernyavska) as the Debtor's liquidator for an initial period of two years.

19.    On September 5, 2016, Mr. Vladyslav Sergiyovych Valendyuk became the authorized officer of the DGF in charge of the liquidation.

20.    On December 19, 2017, Mr. Yuri Petrovych Irklienko became a joint authorized officer of the DGF in charge of the liquidation along with Mr. Vladyslav Sergiyovych Valendyuk.

21.    On April 6, 2018, Mr. Yuri Petrovych Irklienko became the sole authorized officer of the DGF in charge of the liquidation.

22.    On November, 15, 2019 Mr. Sergii Semenovich Mihno became the authorized officer of the DGF in charge of the liquidation.  As of today, according to the decision DGF  Ms. Groshova S.V. was appointed as the  Authorized Officer in Charge of Bank Liquidation.

### Fraudulent Activities of DEBTOR'S PRIOR CONTROLLERS

Page **5** of 9

Error! Unknown document property name.

23.     Based upon DGF's investigation, funds of the Debtor were diverted by several fraudulent schemes.

24.     The schemes included the use of sham contracts and correspondent bank accounts involving a large number of transactions in US dollars.

25.     The Debtor entered into foreign currency loan agreements with certain borrowers ("Borrowers") who entered into sham contracts with others ("Suppliers") to provide items to the Borrowers.

26.     The Borrowers transferred funds lent by the Debtor to the accounts of the Suppliers, but the Suppliers never delivered any items to the Borrowers and the Borrowers never fully repaid the loans to the Debtor.

27.     Additionally, certain banks at which the Debtor had correspondent bank accounts lent money in the amount of over $100 million to an offshore entity that appears to be connected to the former owner of the Debtor.  The Debtor pledged the contents of certain of its correspondent accounts at these banks as security for loans advanced by these banks to the entity which defaulted and caused the debits of the correspondent accounts pledged by the Debtor to secure the loans.

28.     The entity never repaid its loan and over $100 million of the Debtor's funds were lost; used to repay the amounts borrowed by the entity for which the Debtor received no benefit.

**WHY RECOGNITION IS SOUGHT IN THE UNITED STATES**

29.     As the liquidator, I am authorized to investigate Debtor's business, affairs, and dealings, worldwide and to reconstruct its affairs, and the detriment caused to its creditors.

30.     As part of this process, I need to investigate the nature and extent of any activities undertaken in the United States, and specifically in Florida, that could be related to the Debtor or

Page **6** of **9**

to its assets. Additionally, I need to investigate the possibility that assets held by others in the United States may have been acquired using the Debtor's assets.

31.     In the event that the instant application is granted, I would hope to undertake further investigations and recover value to the extent possible, including by filing proceedings and asserting such proprietary claims as may be available to me in the United States. I may also bring such claims against identified individuals or entities with a view to enforcing against assets in the United States.

32.     Subject to the results of the investigations, I plan to undertake in the United States, it will be my intention in due course to commence proceedings in the United States against third parties (whether associated individuals or affiliated corporate entities).

### ADMINISTRATORS IN FOREIGN PROCEEDINGS OF THE DEBTOR

33.     As the term is defined in 11 U.S.C. 101(23) the Debtor is the subject of "foreign proceedings" pending before the DGF.

34.     For purposes of this proceeding, I request that any correspondence be sent, in addition to the addresses provided above, to:

> Attn: Leyza F. Blanco & Daniel Coyle
> Sequor Law, P.A.
> 1001 Brickell Bay Drive, 9th Floor
> Miami, Florida 33131

### PARTIES TO ANY U.S. LITIGATION IN WHICH DEBTOR IS A PARTY

35.     I am not aware of any litigation pending in the United States in which the Debtor is a party.

### STATEMENT IDENTIFYING FOREIGN PROCEEDINGS WITH RESPECT TO THE DEBTOR

Page 7 of 9

36.    Other than the foreign main proceeding referenced hereinabove, the Foreign Representative is aware of only one other potential foreign proceeding with respect to the Debtor. Foreign Representative is presently also seeking foreign main recognition of the Ukrainian Proceeding in the Courts of England pursuant to the Cross-Border Insolvency Regulations 2006.

### ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS BEING SOUGHT

37.    I am not seeking interim relief at this time against any entities under 11 U.S.C. §1519.

### CORPORATE OWNERSHIP

38.    In conformity with Fed. R. Bankr. P. 1007(a)(4), each of the following entities owns 10% or more of the equity in the Debtor:

| | |
|---|---|
| F&C Realty (incorporated and registered in Kyiv with registered number 234961420) | 21.6053% |
| Industrial Construction Ltd (incorporated and registered in Kyiv with registered number 32424449) | 12.2746% |
| Askania LLC (incorporated and registered in Kyiv with registered number 23497687) | 32.7709% |
| Forth Asset Management Ltd (incorporated and registered in England with registered number 04458676) | 28.2458% |

###

Page **8** of **9**

Error! Unknown document property name.

*Intentionally Left Blank*

###

I, Svitlana Vasylivna Groshova, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am the Foreign Representative of the Debtor's insolvency proceeding and that, in such capacity, I have the authority to make this Statement; that I have read the foregoing Statement; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to the Debtor.

Dated this 13 day of October, 2020

_____
Svitlana Vasylivna Groshova
for and on behalf of the Debtor as Foreign
Representative

Page 9 of 9

# EXHIBIT A



Legal & Financial Translation Worldwide

**CERTIFICATE OF TRANSLATION**

I hereby certify that I, Angelika Dawson, University Diploma A-I No. 471686, am a professional translator to HL TRAD of 20 Little Britain, London EC1A 7DH, a legal and financial translation agency. I hereby declare that I, Angelika Dawson, am fully conversant with the Ukrainian and the English translation languages and that the attached document in English:

<u>NBU Resolution 898 of 17 December 2015 (revocation of the licence and liquidation of the bank) – ENG</u>

**regarding the revocation of the Banking License and Liquidation of Finance and Credit Bank Public Joint Stock Company**

is to the best of my knowledge and belief, a true and faithful rendering of the original Ukrainian document and is translated to the best of my ability as a professional translator.

Executed on 25 September 2020                                                                                        in Bristol, UK



### Правління Національного банку України

## ПОСТАНОВА

17 грудня        20 15 року        м. Київ        № 898

### Про відкликання банківської ліцензії та ліквідацію
### ПУБЛІЧНОГО АКЦІОНЕРНОГО ТОВАРИСТВА "БАНК "ФІНАНСИ ТА КРЕДИТ"

Розглянувши пропозицію Фонду гарантування вкладів фізичних осіб щодо відкликання банківської ліцензії та ліквідацію ПУБЛІЧНОГО АКЦІОНЕРНОГО ТОВАРИСТВА "БАНК "ФІНАНСИ ТА КРЕДИТ" (далі – АТ "БАНК "ФІНАНСИ ТА КРЕДИТ"), викладену в листі від 11 грудня 2015 року № 22-52016/15, пояснювальну записку Департаменту банківського нагляду, керуючись вимогами статей 7, 15 Закону України "Про Національний банк України", статті 77 Закону України "Про банки і банківську діяльність", статті 44 Закону України "Про систему гарантування вкладів фізичних осіб", статті 39-1 Закону України "Про державну реєстрацію юридичних осіб та фізичних осіб-підприємців", глави 1 розділу III Положення про застосування Національним банком України заходів впливу, затвердженого постановою Правління Національного банку України від 17 серпня 2012 року № 346 (зі змінами), Правління Національного банку України **постановляє:**

1. Відкликати банківську ліцензію та ліквідувати АТ "БАНК "ФІНАНСИ ТА КРЕДИТ".

2. Департаменту банківського нагляду (Рожкова К. В.) не пізніше наступного дня після прийняття цієї постанови:

повідомити АТ "БАНК "ФІНАНСИ ТА КРЕДИТ" про відкликання банківської ліцензії та ліквідацію АТ "БАНК "ФІНАНСИ ТА КРЕДИТ";

надіслати копію цієї постанови Фонду гарантування вкладів фізичних осіб та державному реєстратору за місцезнаходженням АТ "БАНК "ФІНАНСИ ТА КРЕДИТ".

3. АТ "БАНК "ФІНАНСИ ТА КРЕДИТ" у день отримання цієї постанови повернути Національному банку України банківську ліцензію та генеральну ліцензію на здійснення валютних операцій.

4. Контроль за виконанням цієї постанови покласти на першого заступника Голови Національного банку України Писарука О. В.

Голова        В. О. Гонтарева

Інд. 20

*[National Emblem of Ukraine]*

# Board of the National Bank of Ukraine

## RESOLUTION

17 December 2015                    City of Kyiv                    No. 898

On the Revocation of the Banking License and Liquidation of
FINANCE AND CREDIT BANK PUBLIC JOINT STOCK COMPANY

Having considered the proposal of the Deposit Guarantee Fund of Ukraine with regard to the revocation of banking license and liquidation of FINANCE AND CREDIT BANK PUBLIC JOINT STOCK COMPANY (hereinafter referred to as the "FINANCE AND CREDIT BANK PJSC") being stipulated in Letter No. 22-52016/15 of 11 December 2015, as well as the Memorandum of the Department of Banking Supervision, being guided by Articles 7, 15 of Law of Ukraine on the National Bank of Ukraine, Article 77 of Law of Ukraine on Banks and Banking, Article 44 of Law of Ukraine on Households Deposit Guarantee System, Article 39-1 of Law of Ukraine on State Registration of Legal Entities and Individual Entrepreneurs, Chapter 1, Section III of the Provisions of the National Bank of Ukraine on Enforcement Actions approved by Decision of the Board of the National Bank of Ukraine No. 346 of 17 August 2012 (as amended), the Board of the National Bank of Ukraine hereby **holds that:**

1.      Banking license shall be revoked and FINANCE AND CREDIT BANK PJSC shall be liquidated.

2.      The Department of Bank Supervision (represented by K. V. Rozhkova) no later than the next day following the approval of this Resolution shall:

-        inform the FINANCE AND CREDIT BANK PJSC on the revocation of the banking license and liquidation of the FINANCE AND CREDIT BANK PJSC;

-        send a copy of this Resolution to the Deposit Guarantee Fund of Ukraine and to the state Registrar at the offices of the FINANCE AND CREDIT BANK PJSC.

3.   On the day of receipt of this Resolution, the FINANCE AND CREDIT BANK PJSC shall return the banking license and the general license for currency transactions to the National Bank of Ukraine.

4.   First Deputy Administrator of the National Bank of Ukraine, O.V. Pysaruk, is herewith authorized to monitor the execution of this Resolution.

Chief Administrator                    [*Signature*]                    V. O. Gontareva

[Round Seal: Operation Support Department of the National Bank of Ukraine * 3*
Office for Administration Information Management]

Ind. 20



**Правління Національного банку України**

# ПОСТАНОВА

17 грудня        20 15 року        м. Київ        № 898

Про відкликання банківської ліцензії та ліквідацію
ПУБЛІЧНОГО АКЦІОНЕРНОГО ТОВАРИСТВА "БАНК "ФІНАНСИ ТА
КРЕДИТ"

Розглянувши пропозицію Фонду гарантування вкладів фізичних осіб
щодо відкликання банківської ліцензії та ліквідацію ПУБЛІЧНОГО
АКЦІОНЕРНОГО ТОВАРИСТВА "БАНК "ФІНАНСИ ТА КРЕДИТ" (далі –
АТ "БАНК "ФІНАНСИ ТА КРЕДИТ"), викладену в листі від 11 грудня
2015 року № 22-52016/15, пояснювальну записку Департаменту банківського
нагляду, керуючись вимогами статей 7, 15 Закону України "Про Національний
банк України", статті 77 Закону України "Про банки і банківську діяльність",
статті 44 Закону України "Про систему гарантування вкладів фізичних осіб",
статті 39-1 Закону України "Про державну реєстрацію юридичних осіб та
фізичних осіб-підприємців", глави 1 розділу III Положення про застосування
Національним банком України заходів впливу, затвердженого постановою
Правління Національного банку України від 17 серпня 2012 року № 346 (зі
змінами), Правління Національного банку України **постановляє:**

1. Відкликати банківську ліцензію та ліквідувати АТ "БАНК "ФІНАНСИ
ТА КРЕДИТ".

2. Департаменту банківського нагляду (Рожкова К. В.) не пізніше
наступного дня після прийняття цієї постанови:
повідомити АТ "БАНК "ФІНАНСИ ТА КРЕДИТ" про відкликання
банківської ліцензії та ліквідацію АТ "БАНК "ФІНАНСИ ТА КРЕДИТ";
надіслати копію цієї постанови Фонду гарантування вкладів фізичних
осіб та державному реєстратору за місцезнаходженням АТ "БАНК "ФІНАНСИ
ТА КРЕДИТ".

3. АТ "БАНК "ФІНАНСИ ТА КРЕДИТ" у день отримання цієї постанови
повернути Національному банку України банківську ліцензію та генеральну
ліцензію на здійснення валютних операцій.

4. Контроль за виконанням цієї постанови покласти на першого
заступника Голови Національного банку України Писарука О. В.

Голова  17 ГРУ 2015      В. О. Гонтарева

Інд. 2      Вх № 36652/15

Certified to be a true copy
of the original seen by me
Signature
Date    02.10.2020
Attorney-at-law Ihor Puhaiko
License KC № 5566/10
dated 11 February 2016
Head of Lawyer Association
«HILLMONT PARTNERS»
36-D Yevhena Konovaltsia Street,
5th floor, Kyiv, 01133, Ukraine
Tel/fax: +38 (044) 277-24-47
Email: office@hillmont.com

# EXHIBIT B



**CERTIFICATE OF TRANSLATION**

I hereby certify that I, Angelika Dawson, University Diploma A-I No. 471686, am a professional translator to HL TRAD of 20 Little Britain, London EC1A 7DH, a legal and financial translation agency. I hereby declare that I, Angelika Dawson, am fully conversant with the Ukrainian and the English translation languages and that the attached document in English:

<u>DGF decision 1513 of 13 August 2020 (appointment of Groshova) – ENG</u>

**regarding the replacement of the Fund's Official Receiver for the liquidation of PJSC Bank Finance and Credit**

is to the best of my knowledge and belief, a true and faithful rendering of the original Ukrainian document and is translated to the best of my ability as a professional translator.

Executed on 25 September 2020                                                                in Bristol, UK



ЗГІДНО З ОРИГІНАЛОМ
Заступник
директора-розпорядника
ФГВФО
Н. Є. РУДУХА

# ВИКОНАВЧА ДИРЕКЦІЯ ФОНДУ ГАРАНТУВАННЯ ВКЛАДІВ ФІЗИЧНИХ ОСІБ

## РІШЕННЯ

_13_.08.2020                м. Київ                № _1513_

Про зміну уповноваженої особи
Фонду на ліквідацію
АТ «БАНК «ФІНАНСИ ТА КРЕДИТ»

На підставі пункту 2 частини п'ятої статті 12, частини першої статті 35, частини першої статті 47, частини третьої статті 48 Закону України «Про систему гарантування вкладів фізичних осіб» (далі – Закон), виконавча дирекція Фонду гарантування вкладів фізичних осіб (далі – Фонд)

**ВИРІШИЛА:**

1. Відсторонити від виконання обов'язків уповноваженої особи Фонду на ліквідацію ПУБЛІЧНОГО АКЦІОНЕРНОГО ТОВАРИСТВА «БАНК «ФІНАНСИ ТА КРЕДИТ» (далі – АТ «БАНК «ФІНАНСИ ТА КРЕДИТ») та відкликати всі повноваження ліквідатора, делеговані Фондом провідному професіоналу з питань ліквідації банків відділу організації процедур ліквідації банків департаменту ліквідації банків Міхну Сергію Семеновичу, з 17.08.2020.

2. З 17.08.2020 призначити уповноваженою особою Фонду на ліквідацію та делегувати всі повноваження ліквідатора АТ «БАНК «ФІНАНСИ ТА КРЕДИТ» визначені Законом, зокрема, статтями 37, 38, 47-52, 52$^1$, 53 Закону, в тому числі з підписання всіх договорів, пов'язаних з реалізацією активів банку у порядку, визначеному Законом, окрім повноважень щодо звернення до пов'язаної з банком особи з вимогою про відшкодування шкоди та звернення з такою вимогою до суду, а також з вимогою до небанківської фінансової установи, якою від фізичних осіб залучені як позики або вклади кошти, що згідно з цим Законом прирівнюються до вкладів, та повноважень в частині організації реалізації активів банку, провідному професіоналу з питань ліквідації банків відділу

організації процедур ліквідації банків департаменту ліквідації банків Грошову Світлану Василівну (РНОКПП 2433012647).

3. Управлінню зв'язків з громадськістю та міжнародними організаціям (Серветник І.В.) забезпечити розміщення інформації про зміну уповноваженої особи Фонду на ліквідацію АТ «БАНК «ФІНАНСИ ТА КРЕДИТ» на офіційному сайті Фонду в мережі Інтернет  не пізніше наступного робочого дня та у  газетах «Урядовий кур'єр» або «Голос України» не пізніше ніж через сім днів після прийняття даного рішення.

4. Міхну С.С. забезпечити передачу Грошовій С.В. печаток і штампів, матеріальних та інших цінностей АТ «БАНК «ФІНАНСИ ТА КРЕДИТ», а також бухгалтерської та іншої документації.

5. Контроль за виконанням цього рішення покласти на заступника директора-розпорядника О.С. Білай.

6. Це рішення набирає чинності з моменту його прийняття.

**Директор-розпорядник**                                                        **С.В. Рекрут**

Інд. 49                                               Протокол засідання виконавчої дирекції

від «_13_» _08_   20_20_року № _094/20_

*[National Emblem of Ukraine]*

[Stamp: THIS COPY CONFORMS TO THE ORIGINAL
Deputy Managing Director
of the Deposit Guarantee Fund of Ukraine]
N.E. Rudukha [*Signature*]

# EXECUTIVE DIRECTORATE OF THE DEPOSIT GUARANTEE FUND OF UKRAINE

## DECISION

13.08.2020                                City of Kyiv                                No.1513

On replacement of the Fund's
official receiver for liquidation of
FINANCE AND CREDIT BANK JSC

Pursuant to Clause 2 Part 5 Article 12, Part 1 Article 35, Part 1 Article 47, Part 3 Article 48 of the Law of Ukraine on the Deposit Guarantee System for Individuals (hereinafter - the "Law"), the Executive Directorate of the Deposit Guarantee Fund – the "Fund)"

**RESOLVED:**

1.        Suspend from the performance of official duties the authorised person of the Fund for the liquidation of FINANCE AND CREDIT BANK PUBLIC JOINT STOCK COMPANY (hereinafter referred to as the "FINANCE AND CREDIT BANK JSC") and withdraw all authorities of the official receiver which were delegated by the Fund to the leading expert on banks liquidation of the Department for Banks Liquidation, Serhii Semenovych Mikhno, starting on 17.08.2020.

2.        As of 17.08.2020, appoint the Fund's authorised person for the liquidation and delegate all authorities of the official receiver of FINANCE AND CREDIT BANK JPSC as stipulated by Law, specifically by Articles 37, 38, 47-52, 52[1], 53, including the authority to sign all agreements related to sales of the bank assets in accordance with the procedures as set forth in Law, with the exception of the authority to claim for damages against a person associated with the bank and file such a claim with a court, and claim against non-banking financial institution, which have raised funds from natural persons in form of loans or deposits, these funds being considered equivalent to deposits by Law, as well as the authority in terms of arrangement for the bank's assets sale, to the leading expert on the issues of banks liquidation of the Department for Banks Liquidation, to Svitlana Vasylivna Groshova, (Taxpayer Identification Number 2433012647).

3.      The Office of Public Affairs and Communications with International Organisations (represented by I.V. Servetnyk) shall ensure the publication of the information on the replacement of the Fund's authorised person for the liquidation of FINANCE AND CREDIT BANK JSC on the Fund's official website on the Internet on or before the next business day and in Uriadovyi Kuriyer or Golos Ukrainy newspapers, within seven days from the date of this Decision.

4.      S.S. Mikhno shall transfer to S.V. Groshova seals and stamps, tangible and other valuables of FINANCE AND CREDIT BANK JSC, as well as accounting records and other documents.

5.      Deputy Managing Director O.S. Bilay shall be authorised to oversee the execution of this Decision.

6.      This Decision shall take effect from the moment of its making.


**Managing Director**                        [*Signature*]                        **S. V. Rekrut**


Ind. 49                                Minutes of the Meeting of the Executive Directorate

Date: <u>*13.08.2020*</u> No.<u>*094/20*</u>



## ВИКОНАВЧА ДИРЕКЦІЯ ФОНДУ ГАРАНТУВАННЯ ВКЛАДІВ ФІЗИЧНИХ ОСІБ

### РІШЕННЯ

*13*.08.2020                     м. Київ                     № *1513*

Про зміну уповноваженої особи
Фонду на ліквідацію
АТ «БАНК «ФІНАНСИ ТА КРЕДИТ»

На підставі пункту 2 частини п'ятої статті 12, частини першої статті 35, частини першої статті 47, частини третьої статті 48 Закону України «Про систему гарантування вкладів фізичних осіб» (далі – Закон), виконавча дирекція Фонду гарантування вкладів фізичних осіб (далі – Фонд)

### ВИРІШИЛА:

1. Відсторонити від виконання обов'язків уповноваженої особи Фонду на ліквідацію ПУБЛІЧНОГО АКЦІОНЕРНОГО ТОВАРИСТВА «БАНК «ФІНАНСИ ТА КРЕДИТ» (далі – АТ «БАНК «ФІНАНСИ ТА КРЕДИТ») та відкликати всі повноваження ліквідатора, делеговані Фондом провідному професіоналу з питань ліквідації банків відділу організації процедур ліквідації банків департаменту ліквідації банків Міхну Сергію Семеновичу, з 17.08.2020.

2. З 17.08.2020 призначити уповноваженою особою Фонду на ліквідацію та делегувати всі повноваження ліквідатора АТ «БАНК «ФІНАНСИ ТА КРЕДИТ» визначені Законом, зокрема, статтями 37, 38, 47-52, 52$^1$, 53 Закону, в тому числі з підписання всіх договорів, пов'язаних з реалізацією активів банку у порядку, визначеному Законом, окрім повноважень щодо звернення до пов'язаної з банком особи з вимогою про відшкодування шкоди та звернення з такою вимогою до суду, а також з вимогою до небанківської фінансової установи, якою від фізичних осіб залучені як позики або вклади кошти, що згідно з цим Законом прирівнюються до вкладів, та повноважень в частині організації реалізації активів банку, провідному професіоналу з питань ліквідації банків відділу

Certified to be a true copy
of the original document
Signature
Date 08.10.2020
Attorney-at-law Ihor Puhaiko
License КС № 5566/10
dated 11 February 2016
Head of Lawyer Association
«HILLMONT PARTNERS»
36-D Yevhena Konovaltsia Street,
5th floor, Kyiv, 01133, Ukraine
Tel/fax: +38 (044) 277-24-47
Email: office@hillmont.com

організації процедур ліквідації банків департаменту ліквідації банків Грошову Світлану Василівну (РНОКПП 2433012647).

3. Управлінню зв'язків з громадськістю та міжнародними організаціям (Серветник І.В.) забезпечити розміщення інформації про зміну уповноваженої особи Фонду на ліквідацію АТ «БАНК «ФІНАНСИ ТА КРЕДИТ» на офіційному сайті Фонду в мережі Інтернет не пізніше наступного робочого дня та у газетах «Урядовий кур'єр» або «Голос України» не пізніше ніж через сім днів після прийняття даного рішення.

4. Міхну С.С. забезпечити передачу Грошовій С.В. печаток і штампів, матеріальних та інших цінностей АТ «БАНК «ФІНАНСИ ТА КРЕДИТ», а також бухгалтерської та іншої документації.

5. Контроль за виконанням цього рішення покласти на заступника директора-розпорядника О.С. Білай.

6. Це рішення набирає чинності з моменту його прийняття.

**Директор-розпорядник**                                       **С.В. Рекрут**

Інд. 49

Протокол засідання виконавчої дирекції

від «13» 08 2020року № 094/20

Certified to be a true copy
of the original seen by me
Signature
Date 08.10.2020
Attorney-at-law Ihor Puhaiko
License KC № 5566/10
dated 11 February 2016
Head of Lawyer Association
«HILLMONT PARTNERS»
36-D Yevhena Konovaltsia Street,
5th floor, Kyiv, 01133, Ukraine
Tel/fax: +38 (044) 277-24-47
Email: office@hillmont.com

Члени виконавчої дирекції:

_____ (А.Я. Оленчик)

_____ (Н.Є. Рудуха)

_____ (В.В. Новіков)

_____ (О.В. Нужненко)

_____ (О.С. Білай)

Погоджено:

Департамент ліквідації банків _____ (Т.В. Старцева)

Юридичний департамент _____ (Г.В. Семенов)

Виконавець: Шаров В.С.

Certified to be a true copy
of the original seen by me

Signature
Date      08. 10. 2020
Attorney-at-law Ihor Puhaiko
License АС № 5566/10
dated 11 February 2016
Head of Lawyer Association
«HILLMONT PARTNERS»
36-D Yevhena Konovaltsia Street,
5th floor, Kyiv, 01133, Ukraine
Tel/fax: +38 (044) 277-24-47
Email: office@hillmont.com

# EXHIBIT C



**CERTIFICATE OF TRANSLATION**

I hereby certify that I, Angelika Dawson, University Diploma A-I No. 471686, am a professional translator to HL TRAD of 20 Little Britain, London EC1A 7DH, a legal and financial translation agency. I hereby declare that I, Angelika Dawson, am fully conversant with the Ukrainian and the English translation languages and that the attached document in English:

<u>NBU Resolution 34_5T of 19 January 2015 (problematic bank) – ENG</u>

**regarding declaring Finance and Credit Bank Public Joint Stock Company a troubled bank**

is to the best of my knowledge and belief, a true and faithful rendering of the original Ukrainian document and is translated to the best of my ability as a professional translator.

Executed on 25 September 2020                                                                in Bristol, UK

КОПІЯ



Банківська таємниця
Примірник № 1

## Правління Національного банку України

# П О С Т А Н О В А

19  січня        20 15року

м. Київ

№   34/БТ

## Про віднесення ПУБЛІЧНОГО АКЦІОНЕРНОГО ТОВАРИСТВА "БАНК "ФІНАНСИ ТА КРЕДИТ" до категорії проблемних

Розглянувши пояснювальну записку Генерального департаменту банківського нагляду про необхідність віднесення ПУБЛІЧНОГО АКЦІОНЕРНОГО ТОВАРИСТВА "БАНК "ФІНАНСИ ТА КРЕДИТ" (далі – Банк) до категорії проблемних, а також інформацію, викладену в доповідній записці Департаменту банківського нагляду від 17 січня 2015 року № В/47-108/2575/БТ, яка складена за результатами безвиїзного банківського нагляду за діяльністю Банку, Правління Національного банку України зазначає таке.

За результатами аналізу дотримання Банком вимог банківського законодавства з використанням статистичної звітності встановлено здійснення Банком ризикової діяльності, про що свідчить:

порушення Банком вимог пункту 4.1 Положення про порядок формування та зберігання обов'язкових резервів для банків України та філій іноземних банків в Україні, затвердженого постановою Правління Національного банку України від 16 березня 2006 року № 91, у частині недотримання протягом восьми звітних періодів на кореспондентському рахунку в Національному банку України середньоарифметичної суми залишків коштів у розмірі, який дорівнює або більший, ніж середньоарифметична сума обов'язкових резервів. Відхилення за березень 2014 року становить "-" 299 млн. грн., за травень 2014 року – "-" 147 млн. грн., за червень 2014 року – "-" 166 млн. грн., за липень 2014 року – "-" 296 млн. грн., за серпень 2014 року – "-" 404 млн. грн., за вересень 2014 року – "-" 685 млн. грн., за жовтень 2014 року – "-" 819 млн. грн., за листопад 2014 року – "-" 956 млн. грн., за грудень 2014 року – "-" 1 146 млн. грн.;

здійснення Банком збиткової діяльності протягом останніх десяти місяців (збиток на 05 січня 2014 року становить "-" 13 млн. грн. за даними щоденного балансу);

зменшення обсягу високоліквідних активів (готівка та кошти на кореспондентському рахунку в Національному банку України) з 01 січня

2

2014 року до 05 січня 2015 року на 935 млн. грн., або з 5,3% до 1% від зобов'язань;

критично низьке значення залишку коштів Банку в Національному банку України (станом на 31 грудня 2014 року – 18 млн. грн., або 0,06% від зобов'язань);

відплив коштів фізичних осіб за 2014 рік (у гривнях – 613 млн., у доларах США – 19 млн. в євро – 20 млн.);

залежність від коштів фізичних осіб (48% від зобов'язань Банку);

залучення коштів фізичних осіб у грудні 2014 року здійснювалося за відсотковими ставками, вищими, ніж по банківській системі (середньозважена ставка за строковими вкладами в національній валюті – 23,1% річних, за середньозваженої по банківській системі 20% річних, середньозважена ставка за строковими вкладами в .іноземній валюті – 10,9% річних, за середньозваженої по банківській системі – 8,8% річних), що може свідчити про проблеми з ліквідністю;

збільшення станом на 01 січня 2015 року порівняно з 01 січня 2014 року незбалансованості за строками погашення активів та пасивів у періодах до 31 дня з "+" 380 млн. грн. (або 1,5% від активів) до "-" 3 516 млн. грн. (або 10,6% від активів);

збільшення з 01 січня до 01 грудня 2014 року частки та обсягу негативно класифікованих активів з 2 458 млн. грн. до 5 322 млн. грн., або з 8,9% до 15,0% від класифікованих активів, неповернення яких негативно вплине на спроможність Банку забезпечити своєчасне виконання своїх зобов'язань.

Вищезазначене свідчить про факти здійснення Банком ризикової діяльності, що загрожує інтересам вкладників і кредиторів Банку.

Здійснення Банком ризикової діяльності згідно з пунктом 12.2 глави 12 розділу II Положення про застосування Національним банком України заходів впливу за порушення банківського законодавства, затвердженого постановою Правління Національного банку України від 17 серпня 2012 року № 346, зі змінами (далі – Положення № 346), є підставою, за наявності якої Національний банк України має право віднести Банк до категорії проблемних.

Таким чином, віднесення Банку до категорії проблемних є адекватним вчиненим порушенням і рівню загрози інтересам вкладників та інших кредиторів Банку.

Ураховуючи викладене вище, з метою захисту інтересів вкладників та кредиторів Банку, ужиття заходів для приведення діяльності Банку у відповідність до вимог банківського законодавства, відновлення його фінансового стану та усунення порушень, причин і умов, що призвели до його погіршення, керуючись статтями 7, 15, 55 Закону України "Про Національний банк України", статтями 66, 67, 73, 75 Закону "Про банки і банківську діяльність", нормами глави 12 розділу II Положення № 346, Правління Національного банку України **постановляє**:

1. Віднести Банк до категорії проблемних строком до 180 днів.

2. Для стабілізації діяльності Банку та відновлення його фінансового
стану з дня прийняття цієї постанови до кінця строку, визначеного в пункті 1
цієї постанови, запровадити для Банку такі обмеження в його діяльності:
    не допускати проведення будь-яких активних операцій з інсайдерами та
пов'язаними особами;
    кредитні операції здійснювати в обсязі, що не перевищує обсягу таких
операцій на дату прийняття цієї постанови (у розрізі валют). Такий обсяг
розраховується без урахування обсягу зобов'язань з кредитування;
    не здійснювати операцій з цінними паперами (крім операцій з
казначейськими та іншими цінними паперами, що рефінансуються
Національним банком, та цінними паперами, емітованими Національним
банком), у тому числі за дорученням клієнтів, крім операцій з продажу цінних
паперів за грошові кошти;
    не надавати гарантій, авалів, акредитивів, порук та інших зобов'язань без
забезпечення;
    погашення заборгованості за наданими кредитами та іншими активними
операціями шляхом набуття права власності на об'єкти застави здійснювати за
погодженням з куратором Банку;
    не здійснювати будь-якого відчуження будівель і споруд Банку без
погодження з Національним банком України;
    не здійснювати випуску цінних паперів власного боргу, їх дострокового
викупу, дострокового погашення цінних паперів власного боргу, переведення в
інші види зобов'язань;
    не надавати акціонерам Банку та пов'язаним з ним особам активів у будь-
якій формі (майно, кошти, будь-які операції з векселями, право уступки вимоги
боргу, факторинг, гарантії, поруки за кредиторів банку тощо);
    не здійснювати виплати дивідендів акціонерам Банку чи розподілу
капіталу в будь-якій формі, крім спрямування коштів на збільшення статутного
капіталу Банку та до резервного фонду;
    не здійснювати викупу власних акцій в акціонерів Банку, за винятком
випадків, передбачених законодавством України;
    не здійснювати дострокового повернення коштів інсайдерам та
пов'язаним особам;
    не збільшувати обсягів капітальних інвестицій та нематеріальних активів,
придбавати основних засобів;
    не здійснювати витрат на консультаційні послуги фінансового характеру;
    не відкривати нових філій та відділень;
    не допускати проведення будь-яких операцій за чинними договорами, за
результатами яких збільшується гарантована сума відшкодування за вкладами
фізичних осіб Фондом гарантування вкладів фізичних осіб;
    залучення коштів від фізичних осіб здійснювати в обсязі, що не
перевищує обсягу таких операцій на дату прийняття цієї постанови (у розрізі

4

валюти), та за процентними ставками, не вищими, ніж середні по банківській системі.

3. Банку до 15 числа кожного місяця, наступного за звітним, надсилати до Департаменту банківського нагляду повідомлення про стан виконання запланованих заходів щодо фінансового оздоровлення Банку, а також приведення своєї діяльності у відповідність до вимог банківського законодавства.

4. Контроль за виконанням цієї постанови покласти на першого заступника Голови Національного банку України Писарука О. В. та директора Генерального департаменту банківського нагляду Шульгу А. А.

Голова                                 В. О. Гонтарева

Інд. 47

Пронумеровано та
прошито  2 ( два)  арк.

Провідний фахівець відділу
систематизації та архівної справи
Управління діловодства
Департаменту забезпечення
діяльності Національного банку
України

                Г.В. Руднєва

COPY

*[National Emblem of Ukraine]*

Banking Secrecy
Specimen No. 1

# Board of the National Bank of Ukraine
# RESOLUTION

19 January 2015          City of Kyiv          No. 34/БТ

### on declaring FINANCE AND CREDIT BANK PUBLIC JOINT STOCK COMPANY
### a troubled bank

Having considered the Clarification Note of the General Department for Banking Supervision on the necessity to declare FINANCE AND CREDIT BANK PUBLIC JOINT STOCK COMPANY (hereinafter referred to as the "Bank") a troubled bank, as well as the information stipulated in Memorandum of the Department of Banking Supervision No. B/47-108-2575/БТ of 17 January 2015, this Memorandum being drawn up following the results upon permanent banking supervision over the bank operations, the Board of the National Bank of Ukraine hereby states the following.

On the results of the analysis, based on statistical reports with regard to the Bank compliance with the banking legislation, risky operations were revealed as evidenced by:

violation of requirement of Para. 4.1 of the Regulations on the procedure for the creation and storage of required provisions by banks of Ukraine and branches of foreign banks in Ukraine approved by Resolution of the National Bank of Ukraine No. 91 of 16 March 2006 in terms of non-keeping on the National Bank of Ukraine's correspondent account an average available balance in the amount equal or exceeding an average amount of mandatory provision during eight accounting periods. The variance makes '-' UAH 299 million for March 2014; '-' UAH 147 million for May 2014; '-' UAH 166 million for June 2014; '-' UAH 296 million for July 2014; '-' UAH 404 million for August 2014; '-' UAH 685 million for September 2014; '-' UAH 819 million for October 2014; '-' UAH 956 million for November 2014; '-' UAH 1.146 million for December 2014;

loss-making activity carried out by the Bank during the last ten months (as of 5 January 2014 losses make UAH 13 million according to the daily balance sheet);

decrease in volume of highly liquid assets (cash and funds on the correspondent account with the National Bank of Ukraine)

2

from 1 January 2014 to 5 January 2015 by UAH 935 million, or decrease of liabilities from 5.3% to 1%;

critically low remaining balance of the Bank with the National Bank of Ukraine (as of 31 December 2014 it made UAH 18 million or 0.06% of liabilities);

outflow of funds of natural persons for the year 2014 (613 million in UAH, 19 million in USD and 20 million in Euro);

dependence on funds of natural persons (48% of the Bank's liabilities);

funds of natural persons in December 2014 were raised at interest rates exceeding the rates stipulated by the banking system (weighted average interest rate on fixed-term deposits in national currency made 23.1% per annum, while weighted average interest rate according to the banking system was 20% per annum; weighted average interest rate on fixed-term deposits in foreign currency made 10.9% per annum, while weighted average interest rate according to the banking system was 8.8% per annum) that may evidence problems in liquidity;

increase in maturity imbalance during periods of up to 31 day from '+' UAH 380 million (1.5% of assets) to '-' UAH 3.516 million (10.6% of assets) as of 1 January 2015 compared to 1 January 2014;

from 1 January 2014 to 1 December 2014 increase in part and volume of non-performing assets from UAH 2.458 million to UAH 5.322 million (from 8.9% to 15% of graded assets), non-repayment of which would adversely impact the Bank's capability to execute its liabilities in time;

The above stated information gives evidence of risky activities carried out by the Bank that threatens interests of the Bank's depositors and creditors.

According to Para 12.2 Chapter 12 Section II of the Provisions of the National Bank of Ukraine on taking enforcement actions for violation of banking legislation which is approved by Decision of the Board of the National Bank of Ukraine No. 346 of 17 August 2012 as amended (hereinafter referred to as the 'Decision No. 346'), risky activities carried out by the Bank may be the reason for the National Bank of Ukraine to declare the Bank a troubled bank.

Therefore, declaring the Bank a troubled bank is equivalent to committed violations and level of threat to the interests of the Bank's depositors and other Bank's creditors.

In view of the foregoing, in order to protect the interests of the Bank's depositors and creditors, take actions to bring Bank's activity into conformity with banking legislation, recover the Bank's financial standing and remedy violations, eliminate causes and circumstances having resulted in decrease in its standing, being guided by Articles 7, 15, 55 of the Law of Ukraine on the National Bank of Ukraine, Articles 66, 67, 73, 75 of Law of Ukraine on Banks and Banking Activity, rules of Chapter 12 Section II of Decision No. 346, the Board of the National Bank of Ukraine hereby **holds that:**

1. The Bank shall be declared a troubled bank for 180 days;

3

2. To stabilize the activities of the Bank, to recover its financial standing from the date of this Resolution and until the end of the term stipulated in paragraph 1 hereof, the following restrictions of the Bank's activities shall be imposed:

prevent any active transactions with the insiders and associated persons;

perform credit transactions to the extent not exceeding the volume of such transactions as of the date of this Resolution (by currencies). Such volume shall be calculated exclusive of credit obligations scope;

not to perform securities transactions (except for transitions with treasury and other securities refunded by the National Bank and with securities emitted by the National Bank) including transactions on behalf of clients but with the exception of securities sale for monetary funds;

not to issue guarantees, provide sureties, letters of credit, pledge or make other unsecured commitments;

repay debts under granted credits and other active transactions by acquisition of title to subjects to mortgage in accordance with the Bank's supervisor;

not to transfer ownership of any Bank's buildings and structures without consent of the National Bank of Ukraine;

not to perform debt securities issue, their advanced repurchase, redemption and conversion to other type of liabilities;

not to provide interest rate sensitive assets to Bank's shareholders and any associated persons in any form (property, funds, any transactions wills bills of exchange, right to assign debt claims, factoring, guarantees, suretyship for Bank's creditors etc.);

not to pay dividends to the Bank's shareholders or allocate capital in any form except for assignment of funds to increase the Bank's authorized capital and to replenish the reserve fund;

not to redeem own shares from the Bank's shareholders unless otherwise provided by the legislation of Ukraine;

not to perform long-term refund to the insiders and associated persons;

not to increase the volume of capital investments and intangible assets, not to acquire fixed assets;

not to undertake expenditures for financial consultative services;

not to open new branch offices and departments;

to prevent any transactions under agreements in force which result in increase in guaranteed amount of private deposits compensation by the Deposit Guarantee Fund of Ukraine;

raise funds of natural persons in the amount not exceeding the volume of such transactions as of the date of this Resolution (by currency)

4

and at interest rates not exceeding the average ones stipulated in the banking system.

3. Reports on the status of scheduled actions for Bank's financial rehabilitation and on the conformity of the Bank's activity to the requirements of banking legislation shall be submitted by the Bank to the Department of Banking Supervision no later than the 15th day of each month following the accounting month.

4. First Deputy Administrator of the National Bank of Ukraine, O.V. Pysaruk, and Director of the General Department of Bank Supervision, A.A. Shulga, are hereby authorized to oversee the execution of this Resolution.

Chief Administrator          [*Signature*]          V.O. Gontareva

Ind. 47

TRUE COPY

Total numbered and bound 2 (two) pages.

Chief Records Management, Classification
and Archives Officer
Operation Support Department of
the National Bank of Ukraine
[*Signature*]          G.V. Rudnieva
[Round Seal: illegible]

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Chapter 15

PJSC BANK FINANCE AND CREDIT

Debtor in a Foreign Proceeding.                    Case No.: _____

_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____2020 at ____ ("Hearing"), upon the Motion

for Order of Recognition of Foreign Main Proceeding Pursuant to §§1515 and 1517 and Request

for Hearing ("Motion") [ECF No. __] of Svetlana Vasilyevna Groshova ("Foreign

Representative"), the Foreign Representative of the foreign reorganization proceeding ("Ukraine

Proceeding") of PJSC Bank Finance and Credit ("Debtor"), seeking recognition and related relief

pursuant to Chapter 15 of the Bankruptcy Code, of the Ukraine Proceeding pending before the

Deposit Guarantee Fund (the "DGF"). The Court, having considered the Motion, its attachments

including the Declaration in support, and the Petition ("Petition") [ECF No. __], as well as the proffer of counsel at the Hearing, and being otherwise duly informed, makes the following order.

The Court finds:

A.      Due and timely notice of the filing of the Chapter 15 Petition, Motion and the Hearing was given by the Foreign Representative as directed by this Court.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      The Foreign Representative qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, 1517.

G.      The Foreign Representative has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The Ukraine Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The Ukraine Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J.      The Ukraine Proceeding is pending in Ukraine.  Debtor has its center of main interests in Kyiv, Ukraine, and, accordingly, the Ukraine Proceeding is a foreign main proceeding,

under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.      The Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520.

L.      The Foreign Representative is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor, or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1.      The Ukraine Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.      The Ukraine Proceeding, including the orders of the Ukraine Court attached to the Motion, shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

3.      The Foreign Representative is entrusted with the full administration and realization of all or a part of the Debtor's bankruptcy estate and assets within the territorial jurisdiction of the United States.

4.      The Foreign Representative shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.      The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

3

7.      All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets, of the Debtor or the Debtor's bankruptcy estate, located in the United States.

9.      All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate, located within the territorial jurisdiction of the United States, shall immediately advise Foreign Representative by written notice sent to the following addresses:

> Attn: Svetlana Vasilyevna Groshova
> 48 Degtyarivska Street,
> Kyiv, 04112
> Ukraine

With a copy to:

> Attn: Leyza F. Blanco
> Daniel Coyle
> Sequor Law, P.A.
> 1111 Brickell Ave., Ste. 1250
> Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity.  The Foreign Representative shall file with the Court, from time to time, information demonstrating those persons or entities to whom she has provided notice of this Order.

10.      The Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy

Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11.     The Foreign Representative is further authorized to operate the Debtor and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.     Notwithstanding any provision in the Bankruptcy rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry within the meaning of 28 U.S.C. §158(a); (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Foreign Representative is authorized and empowered, and may in her discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13.     No action taken by the Foreign Representative or her successors, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Ukraine Proceeding or any order entered in or in respect of this Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver afforded the Foreign Representative including pursuant to 11 U.S.C. §§306 and 1510.

14.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

15.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

16.     The Foreign Representative is directed to serve a true and correct copy of this Order in accordance with Rule 2002(q) of the Federal Rules of Bankruptcy Procedure.

# # #

Submitted by:
Leyza F. Blanco, Esq.
SEQUOR LAW, P.A.
1111 Brickell Ave., Ste. 1250
Miami, Florida 33131
lblanco@sequorlaw.com
dcoyle@sequorlaw.com
Telephone:     (305) 372-8282
Facsimile:      (305) 372-8202

Copies furnished to:
Leyza F. Blanco, Esq.

*(Attorney Blanco shall serve a conformed copy of the foregoing order upon all interested parties and file a Certificate of Service with this Court)*